UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ERIC L. JOHNSON,
   Plaintiff,

vs.    No. 06-4052

OFFICER LINSEY, et.al.,
   Defendants.

## ORDER

This cause is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The plaintiff, Eric L. Johnson, has filed his lawsuit pursuant to 42 U.S.C. §1983 against four defendants at the Rock Island County Jail including Sergeant Lindsey, Correctional Officers Gonzales and Pickett and the Rock Island County Jail itself.

The plaintiff has submitted a ten page handwritten complaint along with ten pages of exhibits. The exhibits include a handwritten affidavit and medical records. The plaintiff's complaint rambles and is somewhat difficult to decipher. Nonetheless, it is clear the plaintiff is alleging violations of his Fourteenth Amendment rights as a pretrial detainee.

The plaintiff says in late 1996 he slipped on a bar of soap and was seriously injured. The plaintiff says Sergeant Lindsey claimed he was going to take the plaintiff to an outside hospital, but never did. Instead, the defendant took the plaintiff to the medical unit and left him "to die in a hole knowing that I was in serious pain." (Plain Aff, p. 1) The plaintiff also alleges that Officers Pickett and Gonzales assaulted him on three different occasions while he was in the medical unit and tampered with his food.

The plaintiff says he did not receive any medical attention "until two months later sometime in February." *Id*. The plaintiff says after he was examined and an M.R.I. was performed, he underwent surgery at Trinity Lutheran Hospital. The plaintiff says the doctors also prescribed physical therapy for one year.

The plaintiff has attached various medical records to his complaint. These appear to be

for different tests performed on the plaintiff.  The documents are dated from May 28, 1996 to May 31, 1996.  There is also a letter from a medical billing office dated April 4, 2006 which includes a copy of the plaintiff's financial history.  All services provided date from May 15, 1996 to October 21, 1996.

The plaintiff's lawsuit is barred by the statute of limitations.   State law governs the limitations period and tolling rules for a §1983 action. *Heard v. Sheahan*, 253 F.3d 316, 317-318 (2001) The statute of limitations on civil rights action is two years in Illinois. *Gonzalez v. Entress*, 133 F.3d 551, 554 (7th Cir.1998).   The statute of limitations period begins at the time "when the plaintiff knows or should know that his or her constitutional rights have been violated." *Wilson v. Giesen*, 956 F.2d 738, 740 (7th Cir. 1992).

The plaintiff is claiming that the defendants were deliberately indifferent to his serious medical condition as a pretrial detainee in violation of the Fourteenth Amendment.  There is no doubt the plaintiff knew the extent of his injuries by May of 1997.  In addition, if the plaintiff is alleging excessive force and tampering with his food, he clearly knew his rights had been violated sometime in early 1997.  Yet the plaintiff waited to file this lawsuit until August of 2006.  The two year statute of limitations period has long since passed and therefore the court must  dismiss the plaintiff's complaint.

**IT IS THEREFORE ORDERED that:**

**1) The case is dismissed in its entirety with prejudice.  The case is barred by the statute of limitations period.**

**2) The court notes that the plaintiff has paid the filing fee in full.**

**3) This dismissal counts as a strike against the Plaintiff under the "three strikes" provision of 28 U.S.C. 1915(g).  The clerk is directed to record the strike against the plaintiff.**

Entered this 1st day of September, 2006.


                    s\Harold A. Baker
            _____
                    HAROLD A. BAKER
              UNITED STATES DISTRICT JUDGE